**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-3086-RMR-STV

THE ESTATE OF JASMINE CASTRO,

Plaintiff,

v.

MARC FAIVRE,
TIM FUSS,
SCOTT SCHILB,
CITY OF THORNTON, COLORADO,

Defendants.

---

**ANSWER**

---

Defendants, **MARC FAIVRE, TIM FUSS, SCOTT SCHILB,** and **CITY OF THORNTON, COLORADO**, through their attorneys, **ERIC M. ZIPORIN** and **JAMES T. KADOLPH** of **SGR, LLC**, and pursuant to Fed.R.Civ.P. 8 and 12, hereby answer and respond to Plaintiff's Complaint (ECF No. [#5]) as follows:

## I. ANSWER

1. Defendants admit the allegations contained in paragraphs 9, 10, 11, 12, 13, 14, 16, 17, 18, 22, 23, 24, 25, 26, 27, 31, 32, 35, 37, 38, 42, 50, 52, 60, 61, 66, 72, 76, 77, 78, 83, 87, 91, 94, 96, 108, 109, and 119 of Plaintiff's Complaint.

2. Defendants deny the allegations contained in paragraphs 36, 39, 40, 41, 53, 54, 57, 58, 80, 81, 82, 86, 95, 97, 98, 99, 100, 101, 102, 105, 106, 113, 114, 115, 116, 117, 120 (and subparagraphs (a)-(g)), 121, 122, and 123 of Plaintiff's Complaint.

3. Defendants are without sufficient information and knowledge to form a belief as to the veracity of the allegations contained in paragraphs 7, 8, and 15 Plaintiff's Complaint and, as a result, deny the same.

4. Defendants do not respond to the allegations contained in paragraphs 92, 103, 104, 110, 124 (including subparagraphs (a) – (g)), and 125 of the Complaint as said paragraphs contain no facts to which a response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations, and, as a result, deny the same.

5. Defendants hereby incorporate their responses to the allegations that are incorporated and/or re-alleged in paragraphs 90, 107, and 118 of Plaintiff's Complaint.

6. With regard to the allegations contained in paragraph 1 of the Complaint, Defendants admit Ms. Castro's age and that she was shot by officers on April 29, 2024, which resulted in her death. Defendants deny the remainder of this paragraph.

7. With regard to the allegations contained in paragraph 2 of the Complaint, Defendants admit that the First Judicial District Attorney's Office investigated the incident, declined to bring charges, and issued findings. Defendants deny Plaintiff's characterization of those findings and the remainder of this paragraph.

8. With regard to the allegations contained in paragraph 3 of the Complaint, Defendants admit that Ms. Castro was shot by police which resulted in her death.

Defendants are without sufficient information to form a belief as to the veracity of the remaining allegations, and, as a result, deny the same.

9. With regard to the allegations contained in paragraphs 4, 5, and 6 of the Complaint, Defendants admit that they are not contesting the Court's jurisdiction or the venue at this time.

10. With regard to the allegations contained in paragraph 19 of the Complaint, Defendants admit that they were driving unmarked cars but deny the remaining allegations in this paragraph.

11. With regard to the allegations contained in paragraphs 20 and 21 of the Complaint, Defendants admit their positions in the truck and SUV and that they were driving unmarked cars. Defendants deny the remaining allegations in this paragraph.

12. With regard to the allegations contained in paragraph 28 of the Complaint, Defendants deny that they were able to positively identify the driver of the car at the time described in the Complaint.

13. With regard to the allegations contained in paragraph 29 of the Complaint, Defendants admit that the vehicle conducted a fast and reckless U-turn because Defendants activated their emergency lights and attempted a traffic stop, which Ms. Castro and Mr. Vigil immediately fled from.

14. With regard to the allegations contained in paragraph 30 of the Complaint, Defendants admit that the vehicle went south on I-25 in response to an attempted traffic stop.

15. With regard to the allegations contained in paragraph 33 of the Complaint, Defendants admit that they did not formally call other jurisdictions during the events described in the Complaint but deny that other jurisdictions were not aware of what was ongoing as they were on a multi-jurisdictional radio channel.

16. With regard to the allegations contained in paragraph 34 of the Complaint, Defendants admit that they did not obtain the services of a marked police car but deny that they did not consider doing so. Defendants further deny the inference that Ms. Castro was unaware she was being pursued by police officers.

17. With regard to the allegations contained in paragraph 43 of the Complaint, Defendants admit that they did not explicitly call for assistance from the Lakewood Police Department but deny that the Lakewood Police Department was unaware of the circumstances.

18. With regard to the allegations contained in paragraph 44 of the Complaint, Defendants admit that they did not re-activate their emergency lights in the short period between entering the parking lot and Ms. Castro or Mr. Vigil firing a gun at Officer Fuss, when the emergency lights came on.

19. With regard to the allegations contained in paragraph 45 of the Complaint, Defendants admit that someone got out of the Infiniti and went to the back of the car but deny they were able to positively identify whether that was Ms. Castro or Mr. Vigil.

20. With regard to the allegations contained in paragraph 46 of the Complaint, Defendants admit that Officer Fuss saw two gunshots and Officers Faivre and Schilb heard the second gunshot. Defendants deny the remaining allegations in this paragraph.

21. With regard to the allegations contained in paragraph 47 of the Complaint, Defendants admit that they did not see exactly which individual fired the gunshots and admit that they heard the gunshots and Officer Fuss' radio traffic. Defendants deny that they were not aware of the general location of the gunshots, which was next to the car that Plaintiff later exited.

22. With regard to the allegations contained in paragraph 48 of the Complaint, Defendants admit that an individual returned to the car after firing a weapon but deny that they were able to positively identify who that was at the time.

23. With regard to the allegations contained in paragraph 49 of the Complaint, Defendants admit that they pursued the car that Plaintiff was in, with their emergency lights activated again, after the gunshots at Officer Fuss.

24. With regard to the allegations contained in paragraph 51 of the Complaint, Defendants admit that Officer Faivre performed a well-trained Precision Immobilization Technique maneuver to end the pursuit but denies Plaintiff's characterization of this action.

25. With regard to the allegations contained in paragraph 55 of the Complaint, Defendants deny that Officer Faivre never perceived that Ms. Castro was attempting to arm herself or could have been armed.

26. With regard to the allegations contained in paragraph 56 of the Complaint, Defendants admit that Officer Faivre drew his firearm but deny that it was solely aimed at Ms. Castro.

27. With regard to the allegations contained in paragraph 59 of the Complaint, Defendants deny Plaintiff's characterization of the timing of this incident but admit that Officers Fuss and Schilb got out of their respective seats.

28. With regard to the allegations contained in paragraph 62 of the Complaint, Defendants admit that Officer Fuss saw a black object in Ms. Castro's hand, which in fact turned out to be a firearm that fired the bullets at Officer Fuss minutes before at the gas station.

29. With regard to the allegations contained in paragraph 63 of the Complaint, Defendants admit that Officer Fuss did not take the time to tell the other Defendants that he saw a gun in Ms. Castro's hand as the situation was rapidly unfolding and verbal commands were already being given.

30. With regard to the allegations contained in paragraph 64 of the Complaint, Defendants admit that Ms. Castro came out of the vehicle's window and fell on her hands and knees with a gun in her hand.

31. With regard to the allegations contained in paragraph 67 of the Complaint, Defendants deny that Ms. Castro was on the ground when Officer Schilb turned the corner and first perceived her.

32. With regard to the allegations contained in paragraph 68 of the Complaint, Defendants admit that Officer Schilb shot at Ms. Castro but deny that she was on the ground when he did so.

33. With regard to the allegations contained in paragraph 69 of the Complaint, Defendants admit that Ms. Castro and Mr. Vigil died as a result of being shot by officers but deny that each officer shot each person.

34. With regard to the allegations contained in paragraph 70 (and subparagraphs (a)-(l)) of the Complaint, Defendants admit that Ms. Castro had 13 gunshot wounds but are without sufficient information to form a belief as to the veracity of the remaining allegations in this paragraph and the associated subparagraphs and, as a result, deny same.

35. With regard to the allegations contained in paragraph 71 of the Complaint, Defendants admit that Ms. Castro died and that Officers shot her but deny Plaintiff's characterization of this action.

36. With regard to the allegations contained in paragraph 73 of the Complaint, Defendants admit that the First Judicial District Attorney's Office investigated the incident but deny Plaintiff's characterization of this.

37. With regard to the allegations contained in paragraph 74 of the Complaint, Defendants admit that the District Attorney hired Seth Stoughton but deny the remaining allegations of this paragraph.

38. With regard to the allegations contained in paragraph 79 of the Complaint, Defendants admit that they periodically review their policies and occasionally make changes. Defendants deny that the policy is problematic or contrary to the law.

39. With regard to the allegations contained in paragraph 81(a) of the Complaint, Defendants deny Plaintiff's characterization of the incident and the alleged quote from a DPD officer.

40. With regard to the allegations contained in paragraph 81(b) of the Complaint, Defendants deny Plaintiff's characterization of this incident as they had nothing to do with the use of force described, which was conducted by a different law enforcement agency. In fact, Mr. Williamson leveled a loaded handgun at Douglas County Sherriff's Deputies after crashing his car into the front of an occupied 7/11, narrowly missing an innocent patron at the cash register.

41. With regard to the allegations contained in paragraph 84 of the Complaint, Defendants deny that Officer Fuss said the quoted portion of the paragraph.

42. With regard to the allegations contained in paragraph 85 of the Complaint, Defendants admit that an internal review found *some* policy violations unrelated to the decision to use deadly force but deny that the internal affairs investigation broadly found policy violations generally.

43. With regard to the allegations contained in paragraph 88 of the Complaint, Defendants admit that Officer Fuss shot Joseph Martinez during a hostage situation on April 14, 2024, and that he returned to work afterwards. Defendants deny the remaining allegations in this paragraph.

44. With regard to the allegations contained in paragraph 89 of the Complaint, Defendants admit that police officers shot Ms. Castro resulting in her death. Defendants

are without sufficient information to form a belief as to the veracity of the remaining allegations in this paragraph.

45. With regard to the allegations contained in paragraph 93, 111, and 112 of the Complaint, Defendants admit that Officers Schilb and Fuss reasonably seized Plaintiff but deny the remaining allegations in this paragraph.

46. With regard to the allegations contained in paragraph 112 of the Complaint, Defendants deny the allegations in this paragraph as to Officer Faivre.

47. Defendants deny any and all allegations not expressly admitted herein.

## II. DEFENSES

1. Plaintiff fails to state a claim for relief as to some or all of its claims against Defendants.

2. The individual Defendants are entitled to qualified immunity as to Plaintiff's claims pursuant to 42 U.S.C. § 1983.

2. Defendants deny that they used excessive force against Ms. Castro.

3. Plaintiff's damages, if any, were proximately caused by the conduct of others, including Mr. Vigil, and not by reason of any unlawful conduct by Defendants.

4. Joby Vigil and/or the Estate of Joby Vigil are at fault for Plaintiff's death.

5. Plaintiff's damages, if any, are not to the nature and extent alleged.

6. At all times pertinent herein, Defendants acted in accordance with all common law, statutory and constitutional obligations and without any intent to cause Plaintiff harm.

7. Defendants' conduct was reasonable under the circumstances of this case.

8. Defendant City of Thornton did not create, cause, implement, or enforce a policy, custom, or practice that was the moving force behind Plaintiff's and/or Ms. Castro's injuries.

9. Plaintiff fails to state a claim as C.R.S. § 13-21-131 is unconstitutional.

10. Defendant is entitled to common-law good faith governmental official immunity as to Plaintiff's claims pursuant to C.R.S. § 13-21-131.

11. Defendant reserves the right to add such defenses as become apparent through discovery.

## III. JURY DEMAND

**DEFENDANTS HEREBY DEMAND A TRIAL TO A JURY ON ALL ISSUES HEREIN JOINED.**

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants pray for judgment in their favor as follows:

A. Dismissing Plaintiff's Complaint with prejudice;

B. Entering judgment in favor of Defendants and against Plaintiff for costs, and attorney fees; and

C. Such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted this 14th day of September, 2026.

***s/ Eric M. Ziporin***
***Eric M. Ziporin***
SGR, LLC
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
Phone: (303) 320-0509
E-mail: eziporin@sgrllc.com

***s/ James T. Kadolph***
***James T. Kadolph***
SGR, LLC
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
Phone: (303) 320-0509
E-mail: jkadolph@sgrllc.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 14th day of September 2026, I electronically filed a true and correct copy of the above and foregoing **ANSWER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Jason Kosloski
Kosloski Law, PLLC
1401 Lawrence Street, Suite 1600
Denver, CO 80202
jkosloski@kosloskilaw.com
*Attorney for Plaintiff Estate of Jasmine Castro*

*/s/ Laurie O'Neill*
Legal Secretary