**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-3086-RMR-STV

**ESTATE OF JASMINE CASTRO,**

Plaintiff,

v.

**MARC FAIVRE**;
**TIM FUSS**;
**SCOTT SCHILB**; AND
**CITY OF THORNTON, COLORADO**,

Defendants.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCE OF COUNSEL AND PRO SE PARTIES

The scheduling conference pursuant to Fed. R. Civ. P. 16(b) is scheduled for September 15, 2026, in front of Magistrate Judge Scott T. Varholak.

Appearing for the parties are:

<u>Counsel for Plaintiff Estate of Jasmine Castro</u>

Jason Kosloski
Kosloski Law, PLLC
1401 Lawrence Street
Suite 1600
Denver, CO 80202
(720) 605-6487
jkosloski@kosloskilaw.com

Counsel for Defendants
Eric M. Ziporin
James T Kadolph
SGR, LLC
3900 E. Mexico Ave., Suite 700
Denver, Colorado 80210
Tel: (303) 320-0509
eziporin@sgrllc.com
jkadolph@sgrllc.com

## 2. Statement of Jurisdiction

This action arises under the Constitution of the United States, pursuant to 42 U.S.C. § 1983. This Court has jurisdiction under 28 U.S.C. § 1331. Jurisdiction supporting Plaintiff's claim for attorney fees and costs is conferred by 42 U.S.C. § 1988. This Court has jurisdiction over the state law cause of action under 28 U.S.C. § 1367.

## 3. Statement of Claims and Defenses

Plaintiff: Plaintiff alleges that the individual Defendants seized Jasmine Castro using excessive force, resulting in her death, in violation of both the United States and Colorado Constitutions. Plaintiff alleges that Defendant City of Thornton maintained policies, customs, and practices as detailed in the Complaint and Jury Demand and as will be discovered throughout this case, which caused and were the moving force, or were known and ignored with deliberate indifference to the risk, of the unconstitutional acts of the individual Defendants. Plaintiff brings claims under 42 U.S.C. § 1983 as well as Colorado Revised Statute § 13-21131 and Article II, Section 7 of the Colorado Constitution.

Defendants: Defendants Fuss, Schilb, and Faivre are police officers with the Thornton Police Department. All three officers were on patrol in the early morning of April 30, 2024. They became aware of the vehicle that Plaintiff was present in when it was observed to be driving without license plates – a sign a vehicle is stolen. Officers activated lights and sirens and initiated a traffic stop on the vehicle that Ms. Jasmine Castro was in. The vehicle fled the scene of the traffic stop, and the Officers (in the same vehicles that attempted the traffic stop) continued to follow the vehicle. After a time, the vehicle stopped in a shopping center. An individual got out of the car and fired a gun at the Officers – shell casings from that gun were later found at the scene. After being fired upon, the Officers initiated a pursuit with obvious police lights and sirens. The vehicle that Ms. Jasmine Castro was in or driving continued to flee. Officers initiated a precision immobilization technique on the vehicle, causing the pursuit to end. Ms. Jasmine Castro fled out a window with a gun in her hand and was fired upon by Officers Schilb and Fuss, who reasonably feared for their lives and the safety of others. Another individual, Mr. Joby Vigil, fled out the same window and was also shot.

As defenses, Defendants assert: (1) that Officers Faivre, Fuss, and Schilb did not use excessive force on Ms. Castro; (2) the force used by Officers Faivre, Fuss, and Schilb was objectively reasonable; (3) Plaintiff's damages, if any, were proximately caused by her own conduct or the conduct of others, including Mr. Joby Vigil, and not by reason of any unconstitutional conduct by Defendants; (4) Joby Vigil and/or his Estate are at fault for Plaintiff's death; (5) Defendants Faivre, Fuss, and Schilb are entitled to qualified immunity; (6) Plaintiff partially fails to state a claim as C.R.S. § 13-21-131 is

unconstitutional; (7) Plaintiff's damages, if any, are not to the nature and extent alleged; (8) No act or omission of any Defendant caused any violation of Plaintiff's constitutional rights; (9) At all times pertinent herein, Defendants acted in accordance with all common law, statutory, and constitutional obligations and without any intent to cause Plaintiff harm; (10) On the state law claims, Defendants are entitled to common-law good faith governmental official immunity; and (11) Defendant reserves the right to add such defenses as become apparent through discovery.

## 4. UNDISPUTED FACTS

a. At all relevant times, Defendants Faivre. Fuss, and Schilb were acting under the color of law as Thornton Police Department Officers.

## 5. COMPUTATION OF DAMAGES

Plaintiff: Plaintiff claims appropriate declaratory and other injunctive and/or equitable relief; compensatory and consequential damages, including damages for emotional distress, loss of reputation, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law; all economic losses on all claims allowed by law; punitive damages on all claims allowed by law; pre- and post-judgement interest at the lawful rate; and any further relief that the court deems just and proper, and any other relief as allowed by law. Plaintiff's damages are largely not capable of precise calculation and will instead be determined by a jury following a presentation of the evidence at trial in this matter.

Regarding damages capable of precise calculation, Plaintiff claims economic damages for the costs associated with the impoundment and repairs of his motorcycle and will provide relevant disclosures.

Defendants: Defendants do not seek damages but may seek their reasonable attorneys' fees or costs if they are entitled to them.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(F)

a. The Fed. R. Civ. P. 26(f) meeting was conducted via telephone on September 8, 2026.

b. Participants in the meeting were as follows:

    a. For Plaintiff, Jason Kosloski of Kosloski Law, PLLC.

    b. For Defendants: James T Kadolph of SGR, LLC.

c. Rule 26(a)(1) disclosures will be made on September 22, 2026.

d. There are no proposed changes to the timing or requirements of disclosures under Fed. R. Civ. P. 26(a)(1) other than that stated above in paragraph c.

e. The parties have not agreed to conduct informal discovery.

f. The parties agree to take all reasonable measures to reduce discovery and litigation costs, including the use of unified exhibit numbering system for depositions and agree to the production of all discovery electronically, where feasible.

g. The parties anticipate that the claims or defenses in this matter will involve the discovery of some electronically stored information. The parties agree that, to the extent feasible, the parties will exchange written documents in .pdf electronic format, unless a specific request for metadata or native format is made, in which case, the Parties will address the reasonableness of the request. The Parties agree to produce all video and audio recordings, Excel spreadsheets, and medical imaging in their native formats, where feasible.

h. Pursuant to Fed. R.C. Civ. P. 26(f), the parties have discussed the possibility of settlement. The parties intend to continue exploring the possibility of settlement as the case progresses into discovery.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. The parties agree that each side may conduct 5 depositions, exclusive of experts and treating physicians.

b. Any deposition of a party shall not exceed the presumptive limit of 7 hours per deponent, except by agreement of all Parties or upon a demonstration of good cause to the Court. For experts and lay witnesses that are not parties, any deposition shall not exceed four hours except by agreement of all Parties or upon a demonstration of good cause to the Court.

c. The parties agree that each side may serve up to 25 requests for production, 25 interrogatories, and 25 requests for admission on each other.

d. The agreed upon deadline for service of interrogatories and requests for production of documents and/or admissions is: April 15, 2027.

e. Other Planning and Discovery Orders: None.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: November 16, 2026.

b. Discovery Cut-off: May 14, 2027.

c. Dispositive Motions Notice Deadline: May 24, 2027.

d. Expert Witness Disclosure:

   a. Plaintiff: Plaintiff anticipates potentially calling an expert witness in policing and any witnesses necessary to rebut Defendants' expert witnesses.

   b. Defendants: Defendants will retain an expert witness in police practices and procedures, and a rebuttal witness in any field that Plaintiff designates an expert witness in.

   c. The parties propose a limit of two retained experts per side.

   d. The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 1, 2027.

e. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 30, 2027.

e. Identification of Persons to be Deposed: The parties are presently determining their discovery needs. The parties wish to retain the opportunity to reschedule depositions or take other depositions as may be suggested by discovery.

a. Plaintiff: Plaintiff anticipates taking depositions of each individual Defendant, as well as a representative of Defendant Thornton. Plaintiffs reserve the right to take reasonable additional depositions following discovery of additional relevant individuals.

b. Defendants: Defendants anticipate taking the deposition of the Personal Representative of the Estate of Jasmine Castro, and may depose various other witnesses of the events described in the Complaint as necessary.

| **Name of Deponent** | **Date** | **Time** | **Expected Length** |
|---|---|---|---|
| Defendant Faivre | TBD | TBD | 7hr |
| Defendant Fuss | TBD | TBD | 7hr |
| Detective Schilb | TBD | TBD | 7hr |

| | | | |
|---|---|---|---|
| Rep. Defendant Thornton | TBD | TBD | 7hr |
| Personal Representative of the Estate of Jasmine Castro | TBD | TBD | 7 HR |
| | | | |

## 10. Dates for Further Conferences

a. Status conferences will be held in this case at the following dates and times:

______________________________________________________________

b. A final pretrial conference will be held in this case on _______ at ___. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. Other Scheduling Matters

a. Other than as stated herein, the Parties have no disagreement concerning discovery or scheduling issues.

b. The parties anticipate a five-day jury trial.

c. The parties do not believe any proceedings may be more effectively or economically conducted at the Court’s facilities in Colorado Springs, Grand Junction, or Durango.

## 12. NOTICE OF COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D. C. COLO. L. Civ. R. 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officers presiding over this case.

With respect to discovery disputes, parties must comply with D. C. Colo. L. Civ. R. 7.1(a) and the Practice Standards established by the judicial officers presiding over this case.

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 15th day of September, 2026.

BY THE COURT:

______________________________

United States Magistrate

Judge

APPROVED:

ATTORNEYS FOR THE PLAINTIFF

/s/ Jason Kosloski
Jason M. Kosloski
Kosloski Law, PLLC
1401 Lawrence Street
Suite 1600
Denver, CO 80202
(720) 605-6487
jkosloski@kosloskilaw.com
*Attorney for Plaintiff Reynolds*

ATTORNEYS FOR THE DEFENDANTS

/s/ James Kadolph
Eric M. Ziporin
James T Kadolph
SGR, LLC
3900 E. Mexico Ave., Suite 700
Denver, Colorado 80210
Tel: (303) 320-0509
eziporin@sgrllc.com
jkadolph@sgrllc.com
*Attorneys for Defendants*